**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4047-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PAUL PIAZZOLLA,

      Defendant-Appellant.

_____

Submitted February 6, 2019 – Decided June 3, 2019

Before Judges Nugent, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-06-0844.

Joseph E. Krakora, Public Defender, attorney for appellant (Robert Carter Pierce, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Paul Piazzolla appeals from his conviction for third-degree receiving stolen property, N.J.S.A. 2C:20-7, four counts of fourth-degree illegal possession of prescription legend drugs, N.J.S.A. 2C:35-10.5(a)(3), and one count of third-degree illegal possession of a controlled dangerous substance (Valium), N.J.S.A. 2C:35-10(a)(1).[1]  He also appeals from the aggregate sentence of eight years in prison with four years of parole ineligibility.  We affirm the conviction and the sentence.

I

We begin by summarizing the most pertinent trial evidence.  I.K.[2] testified that he left his car parked on the street near an auto repair garage while he talked to the mechanic.  After returning home, he realized that his wallet and cell phone, which had been on the passenger seat of the car, were missing.  Using cell phones belonging to his brother and a friend, I.K. activated a "find my phone" application (tracking app) that allowed him to track the location of his missing cell phone.  The tracking app led him to an apartment complex.  When I.K. could not pinpoint the location of his missing phone in the complex, he went

---

[1]  The jury acquitted defendant of burglary and criminal trespass.  On defendant's post-trial motion, the trial court dismissed one count of theft by unlawful taking and one count of receiving stolen property.

[2]  We use initials to protect the victims' privacy.

2

to the police, who brought him back to the complex. This time, I.K. and the police, using one of the other phones, were able to pinpoint I.K.'s missing phone in an area near building C. In that same location, I.K. also spotted a man, later identified as defendant, who he had seen walking near his car when he was visiting the garage. Defendant had a black duffel bag with him. Using the tracking app, I.K. activated the "ring" function of his missing phone, which began ringing inside the duffel bag.

After I.K. made the missing phone ring several times, the police arrested defendant. They searched him incident to the arrest and, in his pockets, found several blue pills in a plastic bag and four prescription pill bottles. They later searched the duffel bag pursuant to a warrant and found I.K.'s cell phone and wallet, and some costume jewelry.

From the name and address on the labels of the pill bottles, the police eventually located M.L.M., who had previously reported a burglary and theft at her house. M.L.M. identified the pills as prescription drugs belonging to her late father. She identified the jewelry as hers. At the trial, M.L.M. testified that she had taken care of her father before his death, including buying and administering his prescription medications. She was therefore familiar with the medications in the four pill bottles. She testified that she paid $1200 for the

3

four medications at a supermarket pharmacy, because her father had no prescription drug insurance. M.L.M. specifically identified each bottle of pills and identified her handwriting on the bottom of each bottle. She also identified the prescription pills themselves, by name, after looking in the bottles and observing the pills inside.

The prosecutor presented evidence that the loose blue pills in the plastic bag were sent to a forensic laboratory and testing of one of the pills determined it was Valium. However, the pills in the labeled prescription bottles were not sent for testing. As to those drugs, the State relied on circumstantial evidence, including the prescription labels on the bottles and M.L.M.'s identification of the pills. The defense presented no evidence at the trial.

II

On this appeal, defendant presents the following points of argument for our consideration:

> I. THE PROSECUTOR COMMITTED MISCONDUCT DURING THE STATE'S SUMMATION WHEN HE CAST UNJUSTIFIED ASPERSIONS UPON MR. PIAZZOLLA'S DEFENSE THAT THE STATE DID NOT PROVE THEIR CASE BEYOND A REASONABLE DOUBT, WHICH WARRANTS A NEW TRIAL.
>
> II. THE TRIAL COURT ERRED BY NOT GRANTING MR. PIAZZOLLA'S MOTION FOR A

4

JUDGMENT OF ACQUITTAL BECAUSE THE CONVICTIONS ON COUNTS FIVE, SIX, SEVEN AND EIGHT FOR "POSSESSION OF A LEGEND DRUG," WERE AGAINST THE WEIGHT OF THE EVIDENCE.

III. MR. PIAZZOLLA'S CONVICTON FOR RECEIVING STOLEN PROPERTY MUST BE REVERSED BECAUSE IT CLEARLY APPEARS THE CONVICTION WAS A MISCARRIAGE OF JUSTICE UNDER THE LAW. (Not Raised Below)

IV. THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

After reviewing the trial record in light of the applicable legal standards, we find no merit in any of those contentions.

Point I is without sufficient merit to warrant discussion beyond the following comments. R. 2:11-3(e)(2). The prosecutor commented in summation that the facts were "bad" for the "defense" but defense counsel was nonetheless attempting to convince the jury that there was reasonable doubt. Judge Dennis V. Nieves sustained defense counsel's objection and gave a curative instruction to which the defense did not object. In a written opinion, the judge later denied defendant's motion for a new trial. We affirm on this point substantially for the reasons stated by Judge Nieves. We conclude that the judge's instruction was sufficient to cure any possible prejudice from the prosecutor's comments. We

find no abuse of the judge's discretion in denying the new trial motion.  See State v. Winter, 96 N.J. 640, 646-47 (1984).

Defendant next contends that his conviction on four counts of possession of a prescription legend drug was against the weight of the evidence.  He argues that the State failed to prove an element of the crime because the prosecution did not present scientific evidence that the pills were, in fact, prescription legend drugs.  See N.J.S.A. 2C:35-10.5(a)(3).  As defined in the Criminal Code, the term "prescription legend drug"

> means any drug which under federal or State law requires dispensing by prescription or order of a licensed physician, veterinarian, or dentist and is required to bear the statement "Rx only" or similar wording indicating that such drug may be sold or dispensed only upon the prescription of a licensed medical practitioner and is not a controlled dangerous substance or stramonium preparation.
>
> [N.J.S.A. 2C:35-2.]

Defendant concedes that M.L.M.'s testimony constituted "some circumstantial evidence" of the drugs' identity, and he cites no case law precluding the State from using circumstantial evidence to prove the identity of a pill as a prescription legend drug.

In this case, we conclude there was sufficient circumstantial evidence that the pills in each bottle were prescription legend drugs.  That evidence includes

6

the prescription label on each bottle and the testimony of M.L.M., identifying each prescription bottle and each type of pill from personal knowledge based on having bought them from the pharmacy and administered them to her father. See State v. Gosa, 263 N.J. Super. 527, 537 (App. Div. 1993) (holding that the State may rely on circumstantial evidence to prove the amount of cocaine defendant possessed, without lab-testing each vial).

We decline to address Point III because defendant did not file a motion for a new trial based on insufficient evidence of the value of the stolen drugs. See R. 2:10-1; State v. Herrera, 385 N.J. Super. 486, 492 (App. Div. 2006). However, even if we were to consider the argument, it is wholly without merit, because M.L.M. testified to the $1200 she spent to purchase the prescriptions. No further discussion is warranted. R. 2:11-3(e)(2).

Finally, we find no abuse of discretion or other error in the sentence. See State v. Bieniek, 200 N.J. 601, 607-08 (2010). Based on defendant's very extensive prior criminal record, Judge Nieves imposed a discretionary extended term of eight years, half without parole, for third-degree receiving stolen property. The judge imposed concurrent terms for each of the remaining convictions.

On this appeal, defendant argues that the trial judge failed to find mitigating factor two (defendant did not contemplate that his actions would cause serious harm) and factor four (defendant's mental illness). See N.J.S.A. 2C:44-1(b)(2), -1(b)(4). We cannot agree. The judge considered those mitigating factors, but explained why he did not give weight to either of them. See State v. Dalziel, 182 N.J. 494, 504-05 (2005). Defendant's additional sentencing arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4047-16T1